# STATE OF FLORIDA v HALDEN
## Case No. 96958-QA
County Court, Volusia County

July 7, 1988

### APPEARANCES OF COUNSEL

Kelly A. Greene, Esquire, Assistant State Attorney, for plaintiff.
Flem K. Whited, III, Esquire, for defendant.

### OPINION OF THE COURT

PATRICK G. KENNEDY, County Judge.

## ORDER GRANTING DEFENDANT'S MOTION TO SUPPRESS

UPON THE EVIDENCE presented and having heard arguments of counsel, the Court finds as follows:

1. While a plethora of defense motions have been filed in this cause, the following opinion is direct to that certain motion to suppress filed on March 22, 1988 which addresses the failure of the test operator to retain the third digit of the visual print-out.

2. Officer Yuill administered two breath tests to the Defendant at 12:24 a.m. and 12:26 a.m. yielding respective blood alcohol test results of 0.16% and 0.18%. The Daytona Beach Police Department employs the Intoxilyzer 4011-AS exclusively. While that machine registers a visible display to three decimal places, the machine printer only records a result to two decimal places. In the instant case, Officer Yuill did not record the third digit, and he could not thereafter recall what it had been.

3. The Department of Health and Rehabilitative Services (HRS) rules require that two breath tests must be administered which must vary no more than + or − 0.02% in order to be "acceptable". In this case, the Defendant's printed test result to two decimal places and the result displayed visually to three decimal places could easily vary more than + or − 0.02%. Whether or not the variance, in fact, exceeded + or − 0.02% will never be known to the Court, because the test operator did not retain the third digit. Since HRS has establishes the + or − 0.02% standard, this Court would hold that a variation of 0.021% would be unacceptable and inadmissible. Since the Defendant does not have the test results which would enable him to make that argument due to the omissions of the test operator, it is therefore

ORDERED that all breath test results administered to the Defendant by Daytona Beach Police Department on October 31, 1987 are hereby suppressed and shall not be admissible in evidence at trial. *State of Florida v Gangloff,* (Circuit Court App., Brevard County - 86-4421-AC-A) and *State of Floria v Floeckelmann,* (Circuit Court App., Hillsborough County - 87-5380-D). Copies of the foregoing are attached hereto and by reference made a part hereof.

DONE AND ORDERED in Chambers at Daytona Beach, Volusia County, Florida, this 7th day of July, 1988.